574

ROLLA CABLE SYSTEMS,
INC., Plaintiff,

v.

CITY OF ROLLA, Defendant.

No. 89–2101C(2).

United States District Court,
E.D. Missouri, E.D.

Sept. 20, 1990.

R. Lawrence Ward, Philip W. Bledsoe, Shughart, Thomson & Kilroy, Kansas City, Mo., and Anthony J. Sestric, Sestric & Cipolla, St. Louis, Mo., for plaintiff.

Thomas M. Utterback, William A. Hellmich, Weier, Hockensmith & Sherby, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

FILIPPINE, Chief Judge.

This matter is before the Court on plaintiff's request for a jury trial. Defendant has filed a motion for a briefing schedule, for expedited hearing and for whether this Court will accept pendent jurisdiction on certain state law claims. During a status conference on this matter, the defendant argued that plaintiff did not have standing to bring this action because its franchise agreement is invalid. The issue of whether the franchise under which Rolla Cable operates is valid under Missouri law is presently before the Circuit Court of Phelps County. The circuit court has stayed resolution of that dispute until either this mat-

ter is resolved or this Court decides to abstain from deciding the state court issue.

The Cable Communications Policy Act of 1984 ("Act"), 47 U.S.C. § 521 *et seq.*, protects both those cable operators with franchises and those without franchises so long as they were lawfully providing cable service as of July 1, 1984. *See* 47 U.S.C. § 541(b)(1) and (2).[1]

Section 522(8) defines the term franchise as

> an initial authorization ... issued by a franchising authority, whether such authorization is designated as a franchise, permit, license, resolution, contract, certificate, agreement, or otherwise, which authorizes the construction or operation of a cable system;

 The City contends that the plaintiff did not have a valid franchise as of July 1, 1984. The Court does not need to reach this question. As discussed below, the Court finds that the City of Rolla is estopped from denying the existence of the franchise for purposes of standing under the Act. Upon review of the materials submitted for consideration of this motion, the Court finds the following factors significant. The City of Rolla granted plaintiff an initial authorization in 1961 to provide cable service. Plaintiff obtained and maintained an official license to do business in compliance with City codes and it had a valid license to use City utility poles to provide cable service on July 1, 1984. Throughout its franchise, plaintiff paid franchise fees in excess of $200,000 to the City. During the length of the agreement, both parties amended and recomputed those fees. Plaintiff installed its own utility poles as well as utilized the City poles and entered into various agreements for consideration with regard to the operation and maintenance of a cable system. Plain-

tiff appears to have complied with all ordinances, rules and regulations of the City, and it operated within the law as defined by the City with regard to the provision of cable services.

In relying on the validity of the agreement, both the City and cable company performed and reaped the benefits of the agreement. The City cannot now claim that Rolla Cable Systems, Inc., for purposes of the Act, was not operating under a valid franchise in providing cable services so as to preclude it the protection of the Act.

In *Mississippi–Fox River Drainage District No. 2 v. Plenge*, 735 S.W.2d 748 (Mo. Ct.App.1987), the court indicated that there is a reluctance on the part of the courts to apply the doctrine of estoppel against a governmental entity. Notwithstanding that reluctance, the court indicated that the doctrine of estoppel will apply to a governmental entity if the following elements are established: 1) an admission, statement or act inconsistent with the claim afterwards asserted and sued upon; (2) action by the other party on the faith of such admission, statement or act; and, (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement or act. *Id.* at 754 (citing *Peerless Supply Co. v. Industrial Plum. & Heat Co.*, 460 S.W.2d 651, 665–66 (Mo.1970)).

Given the facts as recited above, the Court finds sufficient reason for invoking the doctrine of estoppel. The plaintiff was operating on July 1, 1984, under a valid grant of authority issued by a franchising body. As such, plaintiff is entitled to invoke the protection of the Act regardless of whether the grant of an exclusive franchise is violative of Missouri law.[2]

---

**1.** Section 541(b) reads:

(1) Except to the extent provided in paragraph (2), a cable operator may not provide cable service without a franchise.

(2) Paragraph (1) shall not require any person lawfully providing cable service without a franchise on July 1, 1984, to obtain a franchise unless the franchising authority so requires.

**2.** Having found that estoppel prevents the denial of a valid franchise, the Court need not reach the issue of whether plaintiff comes under the protection of the Act pursuant to 541(b)(2); however, the estoppel arguments discussed concerning the franchise would be equally applicable to a Section 541(b)(2) argument.

Given the aforementioned, this Court need not reach the question of whether the contract entered into between the parties is valid. Therefore, the Court will abstain from deciding the question presently before the Circuit Court of Phelps County.

 No court has considered the type of review this Court conducts from the final determination of a franchising authority rejecting a proposal for the renewal of the franchise. Defendant contends that the review is from the record of the franchising authority. Plaintiff claims that the review must be de novo. A brief review of the applicable portions of the Act is essential to any consideration of this issue.

This Court has jurisdiction pursuant to 47 U.S.C. § 555:

(a) Any cable operator adversely affected by any final determination made by a franchising authority under section 545 or 546 of this title may commence an action within 120 days after receiving notice of such determination, which may be brought in—

(1) the district court of the United States for any judicial district which the cable system is located;

. . . .

(b) The court may award any appropriate relief consistent with the provisions of the relevant section described in subsection (a) of this section.

Section 546 of the United States Code outlines the procedures for renewal of a cable franchise. Section 546(e) governs judicial review. It reads:

(1) Any cable operator whose proposal for renewal has been denied by a final decision of a franchising authority made pursuant to this section, or has been adversely affected by a failure of the franchising authority to act in accordance with the procedural requirements of this section, may appeal such final decision. . . .

(2) The court shall grant appropriate relief if the court finds that—

(A) any action of the franchising authority is not in compliance with the procedural requirements of this section; or

(B) in the event that a final decision of the franchising authority denying the renewal proposal, the operator has demonstrated that the adverse finding of the franchising authority with respect to each of the factors described in subparagraphs (A) through (D) of subsection (c)(1) of this section on which the denial is based is not supported by a preponderance of the evidence, based on the record of the proceeding conducted under subsection (c) of this section.

Subparagraphs (A) through (D) of subsection (c)(1) which are mentioned in Section 546(e)(2)(B) require that the franchising authority consider whether—

(A) the cable operator has substantially complied with the material terms of the existing franchise and with the applicable law;

(B) the quality of the operator's service, including signal quality, response to consumer complaints, and billing practices, but without regard to the mix, quality, or level of cable services or other services provided over the system, has been reasonable in light of community needs;

(C) the operator has the financial, legal, and technical ability to provide the services, facilities, and equipment as set forth in the operator's proposal; and

(D) the operator's proposal is reasonable to meet the future cable-related community needs and interests, taking into account the cost of meetings such needs an interests.

The cable operator must be afforded adequate notice and the cable operator and the franchise authority shall be afforded fair opportunity for full participation, "including the right to introduce evidence (including evidence related to issues raised in the proceeding under subsection a [47 U.S.C. § 546(a)] of this section), to require the production of evidence, and to question witnesses. A transcript shall be made of any such proceeding." 47 U.S.C. 546(c)(2). Upon completion of the proceeding the franchise authority "shall issue a written decision granting or denying the proposal

for renewal based upon the record of the proceeding, and transmit a copy of such decision to the cable operator. Such decision shall state the reasons therefor." 47 U.S.C. 546.

A denial of a proposal for renewal shall be based on 47 U.S.C. § 546(c)(1)(A) through 546(c)(1)(D), pursuant to the record of the proceeding under Section 546(c). However, a franchising authority

> *may not* base a denial of renewal on a failure to substantially comply with the material terms of the franchise under subsection (c)(1)(A) of this section or on events considered under subsection (c)(1)(B) of this section in any case in which a violation of the franchise or the events considered in subsection (c)(1)(B) of this section occur after the effective date of this subchapter unless the franchising authority has provided the operator with notice and the opportunity to cure, or in any case in which it is documented that the franchising authority has waived its right to object, or has effectively acquiesced.

47 U.S.C. § 546(d) (emphasis added).

Plaintiff seeks to overturn the franchising authority's decision under Section 546(e)(2)(A) and (B). Preceding both subsection A and B are the words "[t]he court shall grant appropriate relief if the court finds that." A plain reading of those words indicates that it is for the Court, not for a jury, to decide this appeal. Moreover, the Court has examined the Act in its entirety and has reviewed the applicable legislative history and there is nothing to indicate that Congress intended to give plaintiff a right to a jury trial in this case. Additionally, plaintiff has not suggested, nor does this Court conclude, that plaintiff has a constitutional right to a jury trial.

Plaintiff attacks the findings of the franchising authority on procedural and substantive grounds. The substantive issues are governed by Section 546(e)(2)(B). Under that subsection, the cable company bears the burden of demonstrating that the adverse findings underlying the franchise authority's decision are not supported by a preponderance of the evidence as established by the administrative proceeding. Subsection (A) of 546(e)(2) goes to the procedural mandates of the Act.[3]

Given a plain reading of the statute, it appears that Congress intended to grant some deference to the administrative agency on substantive matters since the franchising authority is more qualified than this Court to evaluate the factors listed in Sections 546(c)(1)(A) through (D). Obviously, this Court's consideration of whether the procedural mandates of the Act were followed does not require such deference.

Section 546(e)(2)(B) does not require this Court to conduct a de novo review. The subsection indicates that the review is "based on the record of the proceeding conducted under subsection (c) of this section." Section 546(e)(2)(A) does not contain the "based on the record" language.

The Court has examined the legislative history of the Act. In a proposed version of the Act, Congress provided for de novo review of renewal denials. *See* 129 Cong. Rec. S8246 (daily ed. June 13, 1983). The de novo review provision was ultimately rejected by Congress. Nonetheless, the Court cannot ignore the fact that Congress did not specifically include the "on the record" review language in Section 546(e)(2)(A), as it did in Section 546(e)(2)(B).

Basically, Congress intended to restrict the scope of review in Section 546(e)(2)(A) to matters considered on the record. Ordinarily, a review of whether the procedural requirements of the Act were met will not require de novo review; however, in limited circumstances, where fundamental due process concerns are implicated, the Court may go outside the record. Such a situation might present itself here.

Plaintiff has raised a due process argument concerning the fact that the director of Rolla Municipal Utilities ("RMU") actively participated in the cable committee's de-

---

**3.** Procedural denials of due process can be appealed at any time. *Eastern Telecom Corp. v. Borough of East Conemaugh,* 872 F.2d 30 (3rd Cir.), *cert. den.* — U.S. —, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989).

**578**

liberations. RMU has submitted a bid to become the cable operator for the City of Rolla. The Court cannot say at this time whether such bias, even if it existed, warrants an expanded review; however, given the time limitations of this case, plaintiff will be given leeway in this area. Plaintiff shall brief this issue separately, and it may, if necessary, go beyond the record.

The Court shall set up the following briefing schedule. Plaintiff shall submit its brief appealing the franchising authority's decision denying the franchise renewal by October 12, 1990. Defendant shall have twenty days thereafter to file a response thereto. Plaintiff shall have seven days thereafter to file a reply brief. After reviewing the briefs, the Court will advise the parties whether a hearing is needed on this matter.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to strike plaintiff's request for a jury trial is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to establish a briefing schedule is GRANTED. Plaintiff shall file its brief appealing the franchising authority's decision denying the franchise renewal by October 12, 1990. Defendant shall have twenty days thereafter to file a brief in response. Plaintiff shall have seven days thereafter to file a reply brief.

IT IS FURTHER ORDERED that defendant's motion for an expedited hearing is DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion for determination of whether federal court will accept pendant jurisdiction is DENIED as moot. The Court will abstain from deciding whether the franchise granted to plaintiff is valid under Missouri law.